Wright, J.,
delivered the opinion of the Court.
This suit was instituted by Cummings, io recover of the plaintiffs in error the rent of a warehouse and lot in the town of Shelbyville, for the year 1858, and judgment being in his favor, they appeal to this Court. The facts of the case, are these: one Knott, who was the owner- of the warehouse and lot, had leased the same for a term of years to Cummings, at an annual rent of $450, and the lease did not expire until the 1st of January, 1859. At the close of the year, 1856, Cummings, without writing, sub-let the warehouse and lot, (for the unexpircd term,) at the same rate of rent to the plaintiffs in error, who entered into, and occupied the same for the year 185T, and paid the rent of that year to Cummings. They also continued the use and occupation of the warehouse and lot, until the 23rd of January, 1858, when they left the same vacant and went elsewhere to do business, but retained in their possession the key of the warehouse until the end of that year, when they surrendered it to one Warren, who succeeded them in the possession: he having purchased the reversion of Knott, Cummings knew that the plaintiffs in error had left the warehouse and lot vacant, but they did not give him any notice of their intention to do so, or desire him to take the property back, or to make any other disposition of it, or offer *356 to restore him the key. It was, in proof, that one Johnson wanted the use of tbe house for a short period, in February, 1858, for a ball, and applied to the plaintiffs in error for it, and they sent him to Cummings, with instructions, to tell him that they had no control over the house, and nothing to do with it: and Johnson did go to Cummings, and tell- him this, as coming from the plaintiffs in error; but Cummings refused to let him have it, stating that he had rented it to the plaintiffs in error, that he must go to them, that they alone had authority to dispose of it. It was also proved, that it was the custom to rent houses at the first of the year, and that they rented more readily at that, than any other time of the year. Among other things not excepted to, the Circuit Judge instructed the jury: that a parol lease for more than one year cannot be enforced, because, within - the Statute of frauds. Such a lease is good for one year, and if the tenant, who is in under such a contract, holds over for a portion of the ensuing year, the landlord may elect to treat him as a tenant from year to year, and recover the value of the premises as upon a lease for one year. The plaintiff in error cannot complain of this instruction. Though the agreement between them and Cummings be void, by the Statute of frauds, as to the duration of the lease, it must regulate the terms on which the tenancy subsists in other respects, as to the rent, the time of the year when the tenant is to quit, &c. So, where a tenant holds over after the expiration of his term, without having entered into any new contract, he holds upon the. former terms. The relation between these parties must be construed to be that of a tenan *357 cy from year to year, and each party was bound to give the other reasonable notice of an intention to terminate the estate. If they suffered the second year to commence, without putting an end to the relation, Cummings was entitled to the whole year’s rent, and the plaintiffs in error, as his tenants, could not determine the estate in the middle of the year. If this could be done, the landlord might lose his rent altogether, at least, for a good part of the year. Having entered upon the premises for the second year, Cummings had a right to expect that they would continue to hold, and pay rent for the entire year, and they cannot be allowed, capriciously, to disappoint his expectations. The authorities in support of the judgment of the Circuit Court, are very numerous: Doe on the Demise of Rigge vs. Bell, 5 Term R., 470; Birch vs. Wright, 1 Term R., 378; Leighton vs. Theed, 2 Salk, 413; 13 Johns. R., 240; 4 Kent, 110-116. Besides, upon the facts in this case, it is the same, in legal effect, as if the plaintiffs in error had actually occupied the premises for the entire year. They retained the key, and made no attempt to put an end to the tenancy.
Whether the plaintiffs in error, without notice to Cummings, could, at the end of the first, and before they entered upon the second year, have terminated the estate, is a question we need not consider.
Affirm the judgment.